FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

2015 SEP 15   AM 8: 45

**KELSEY MORTON**

     **Plaintiff,**

**v.**

**MEDICREDIT, INC., a Missouri corporation, and**
**WEST FLORIDA – MHT, LLC, a Florida**
**corporation, d/b/a MEMORIAL HOSPITAL OF**
**TAMPA, LP,**

     **Defendants.**

_____/

**CASE NO.:**

8:15 cv 2142 T 27 TBM

## COMPLAINT

Plaintiff, Kelsey Mortin, by and through undersigned counsel, sues Medicredit, Inc., and

MT Transition LP, d/b/a Memorial Hospital of Tampa, LP, and states as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt

Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer

Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*,   the Telephone Consumer

Protection Act.

### JURISDICTION AND VENUE

2.     Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as

Plaintiff brings, among other claims, claims under the federal FDCPA, 15 U.S.C. § 1692 *et seq.*

and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction

exists over the state law claims pursuant to 28 U.S.C. § 1367.

1


TBA-32168
$400

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

4.      Venue is proper in this district because the Plaintiffs suffered the injury in Hillsborough County, Florida.

## PARTIES

5.      Plaintiff Kelsey Morton ("Morton" or "Plaintiff") is a natural person who resides in Hillsborough County, Florida.  Plaintiff is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(2) and is also a person as that term is used in 47 U.S.C. § 227.

6.      Defendant, Medicredit, Inc., ("Medicredit") is a Missouri corporation, does business in the State of Florida, and is a "person" under Fla. Stat. § 559.72, and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), as well as a "person" under Fla. Stat. § 559.72 and  47 U.S.C. § 227.

7.      Defendant, West Florida – MHT, LLC, d/b/a Memorial Hospital of Tampa, LP, ("Memorial") is a Delaware corporation, does business in the State of Florida, and is a "person" under Fla. Stat. § 559.72, as well as a "person" under Fla. Stat. § 559.72 and  47 U.S.C. § 227.

8.      Defendants, in the conduct of their business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

9.      The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious

2

disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

## FACTUAL ALLEGATIONS

10.     Plaintiff Morton obtained medical treatment at Memorial. This treatment resulted in medical expenses (the "Alleged Debt") that is alleged to have gone into default. The default of the Alleged Debt resulted in the collection activities that are subject of this Complaint.

11.     Starting around June of 2015, Memorial and its agent collector Medicredit attempted to collect the Alleged Debt by engaging in harassing telephone calls to Plaintiff's cellular phone. Calls were made by both parties simultaneously.

12.     From one call to the next, the amount of the Alleged Debt varied reflecting that the amount alleged to be owed was an unverified amount, or was an amount inflated by Defendants for purposes of harassing Plaintiff into making a settlement payment.

13.     Defendants utilized an automatic or predictive dialer telephone dialing system to call Plaintiff's cell phone. In addition to automated voice messages, the use of an automatic or predictive telephone dialing system was evidenced by a pause when Plaintiff answered the phone before a collector would connect, the repeated nature of the calls, and the unwavering continuance in the collection call campaign in spite of being told to stop calling. All of these characteristics are common for automatic or predictive dialing machines, and the use of these machines is common in debt collection.

14.     Plaintiff demanded that Defendants' calls cease to her cell phone.

15.     In spite of Plaintiff's request that calls cease to her cell phone, Defendants continued to make automatic or predictive dialed calls and leave prerecorded voice messages to

3

Plaintiffs cell phone.   In fact, when Plaintiff told Defendants to stop calling her cell phone, Defendants told her that the collection calls would continue.

16.     Plaintiff informed Defendant that she was working between 8:00 a.m. and 6:00 p.m. and could not take calls at that time.

17.     In spite of Plaintiff's requests that calls cease during the hours of 8:00 a.m. and 6:00 p.m. due to the calls disturbing her while at work, Defendants continued to make collection calls to Plaintiff between the hours of 8:00 a.m. and 6:00 p.m..  As a result of the continued calls, Plaintiff received a reprimand from her employer.

18.     Plaintiff informed Defendants that she was unable to make payments.

19.     In spite of Plaintiff's informing Defendants that she was unable to make a payment, and thus ending any legitimate purpose of the calls, Defendants continued to make collections calls to Plaintiff in an attempt to wear down and harass Plaintiff.

20.     As detailed below, the conduct of Defendants constitutes a violation of the FDCPA and FCCPA and the TCPA.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT MEDICREDIT

21.     This is an action against Medicredit for violation of Fla. Stat. § 559.55 *et seq.*

22.     Plaintiff re-alleges and incorporates paragraphs 1 through 20, as if fully set forth herein.

23.     Medicredit communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

4

24.     Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7)     Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9)     Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

25.     Through its conduct described above, Medicredit directly and through its agents violated the above sections of the FCCPA.

26.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

27.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Medicredit is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

28.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

29.     Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Medicredit, finding that Medicredit violated the FCCPA, awarding Plaintiff actual damages,

statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

### COUNT II

### VIOLATION OF THE FDCPA BY DEFENDANT MEDICREDIT

30.     This is an action against Medicredit for violation of 15 U.S.C. § 1692 *et seq.*

31.     Plaintiff re-alleges and incorporates paragraphs 1 through 20, as if fully set forth herein.

32.     Through the conduct described above, Medicredit violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692d

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

33.     As a result of Medicredit's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

34.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Medicredit has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT III

## VIOLATION OF THE TCPA BY DEFENDANT MEDICREDIT

35.     This is an action against Medicredit for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

36.     Plaintiff re-alleges and reincorporates paragraphs 1 through 20, as if fully set forth here-in.

37.     Medicredit, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

38.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

38.     Medicredit violated 47 U.S.C. § 227(b)(1)(A)(iii) when Medicredit placed calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic or predictive telephone dialing system.

39.     Medicredit willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic or predictive telephone dialing system after Plaintiff told Medicredit that Medicredit did not have permission to call Plaintiff's cell phone.

7

40.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

41.     As a result of the above violation of the TCPA, Medicredit is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

42.     Based upon the willful, knowingly, and intentional conduct of Medicredit as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully request this Court enter a judgment against Medicaredit: (1) finding Medicredit violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Medicredit willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

### VIOLATION OF THE FCCPA BY DEFENDANT MEMORIAL

30.     This is an action against Memorial for violation of Fla. Stat. § 559.55 *et seq.*

31.     Plaintiff re-alleges and incorporates paragraphs 1 through 20, as if fully set forth herein.

32.     Memorial communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

33.     Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7)     Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9)     Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

34.     Through its conduct described above, Memorial directly and through its agents violated the above sections of the FCCPA.

35.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

36.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Memorial is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

37.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Memorial as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

38.     Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Memorial, finding that Memorial violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT V

## VIOLATION OF THE TCPA BY DEFENDANT MEMORIAL

39.     This is an action against Memorial for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

40.     Plaintiff re-alleges and reincorporates paragraphs 1 through 20, as if fully set forth here-in.

41.     Memorial, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

42.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

> It shall be unlawful for any person within the United States –
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice –
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

43.     Memorial violated 47 U.S.C. § 227(b)(1)(A)(iii) when Memorial placed calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic or predictive telephone dialing system.

44.     Memorial willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic or predictive telephone dialing system after Plaintiff told Memorial that Memorial did not have permission to call Plaintiff's cell phone.

45.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

46.     As a result of the above violation of the TCPA, Memorial is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

47.     Based upon the willful, knowingly, and intentional conduct of Memorial as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

48.     **WHEREFORE,** Plaintiff respectfully request this Court enter a judgment against Memorial: (1) finding Memorial violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Memorial willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.   U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated:  September 14, 2015

Respectfully Submitted,
**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:     (813) 336-0832

/s/Brian Shrader
_____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**
**Kelsey Morton**

I, Kelsey Morton, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____          9-8-15
Kelsey Morton                                       Date

13